IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIVO INC.,<br><br>                          **Plaintiff,**<br><br>  v.<br><br>ECHOSTAR COMMUNICATIONS CORP., et al.,<br><br>                         **Defendants.** | 1:05-cv-2799-WSD |

## ORDER

This matter is before the Court on Echostar and Non-party Homer Knearl's Joint Motion to Quash Subpoenas Served by TiVo Inc. [1]. Echostar and Mr. Knearl seek to quash a subpoena issued by this Court for a patent case pending in the Eastern District of Texas (the "Texas case"). The subpoena at issue was served on July 5, 2005, on Mr. Homer Knearl, Senior Counsel with Merchant & Gould, Echostar's outside counsel. Identical subpoenas were served on July 1, 2005, on Merchant & Gould, and Messrs. Lewis and Wilson, attorneys in Merchant & Gould's office in Denver, Colorado (the "Colorado subpoenas").

Echostar, the defendant in the Texas case, and non-party Mr. Knearl (the "Objecting Parties") seek to preclude the discovery that is the subject of the subpoenas on procedural grounds and on the grounds that the subpoenas essentially seek the disclosure of information from Echostar's outside counsel which is protected by the attorney-client and work-product privileges. TiVo argues that because Echostar is relying on the legal opinions rendered by Echostar's outside counsel that Echostar has not infringed the patent-in-suit in the Texas case, the attorney-client and work-product privileges have been waived and the information requested is required to be produced. It also argues this issue has been decided by Judge Folson in the Texas case, and that he ordered the disclosure of privileged material.

The Court respects the opinions of its sister courts and will defer to the Texas case when appropriate.[1] The court in the Texas case found there has been a

---

[1] The Court notes that Echostar and non-parties Merchant & Gould, Mr. Lewis and Mr. Wilson moved the United States District Court for the District of Colorado to quash the Colorado subpoenas on nearly identical grounds to those asserted here. Noting that Judge Folsom's order regarding the production of work product is the subject of proceedings pending before the Federal Circuit, the Colorado District Court deferred action on the motion to quash pending resolution of the proceedings in the Federal Circuit.

waiver of the attorney-client and work-product privileges, and this Court defers to that decision.  The Texas court generally required that Echostar's production include the production of information in the possession of Echostar's outside counsel.  However, the Court does not believe the Texas court's ruling required the indiscriminate production of all information in Echostar's outside counsel's files relating to the patent litigation.  Rather, the Court interprets Judge Folson's order as requiring the production of those materials relevant to the legal opinions on which Echostar relies that are in the possession of Merchant & Gould, provided the material is relevant to issues in the case.  It would be illogical to read the opinion in a broader way, especially where the materials at issue are ordinarily privileged but required to be produced here because there was a privilege waiver.

Because there is a pending motion to quash, and the subpoena issued by this Court has not been withdrawn, the Court has an obligation to evaluate and rule on the subpoena issued by this Court.  In ruling on the motion, the Court undertakes to balance the need to provide relevant, discoverable information to TiVo against the need to interpret reasonably the waiver of legal privileges to require the production only of information which is discoverable.  What is required is careful review of potentially sensitive documents to balance work-product and discovery

considerations. The Court concludes it should be actively and personally involved in that process.[2] See Fed. R. Civ. P. 45(c)(3)(A); In re Sealed Cases, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas.").

The parties have represented to the Court that Echostar has already produced all materials in its possession which are covered by the subpoena, and that all communications between Echostar and its outside counsel have been produced. The focus of the Court's inquiry here then is on the Objecting Parties' argument that they should not be required to produce work product that was never communicated to Echostar.[3] The parties agree that the Federal Circuit has not yet decided this question, and acknowledge that Courts have taken different views on the scope of discovery of attorney work-product material where a party asserts an advice-of-counsel defense in response to a wilful infringement claim.

---

[2] The Court notes that its opinion will therefore be available to the Federal Circuit in its consideration of these proceedings.

[3] The Objecting Parties no longer argue that TiVo's subpoenas must be quashed as untimely. (Reply in Support of Mot. to Quash Subpoenas [34] at 6 n.2.)

The Court has reviewed the parties' pleadings and numerous court decisions addressing this issue.  The common, binding thread in these opinions is the consideration of fairness, which requires a case-by-case consideration of the scope of a waiver of legal privileges.  See Beneficial Franchise Co. Inc. v. Bank One, 205 F.R.D. 212 (N.D. Ill. 2001); Akeva LLC v. Mizuno Corp., 243 F. Supp. 2d 418 (M.D.N.C. 2003); Sharper Image Corp. v. Honeywell Int'l, Inc., 22 F.R.D. 621 (N.D. Cal. 2004).  The principle also emerges that when a defendant asserts an advice-of-counsel defense, objective evidence must be examined to determine whether such reliance was reasonable.  See Steelcase, Inc. v. Haworth, Inc., 954 F. Supp. 1195 (W.D. Mich. 1997).  Because it is the defendant's intent, not that of counsel, that is at issue in evaluating reliance, the central focus is on counsel's opinion letter itself.  Id. at 1198.  "The issue is whether counsel's opinion was thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent as invalid, not infringed, or unenforceable."  Id.

The Court must balance the protection of privilege and the need to evaluate the reasonableness of an alleged infringer's reliance on counsel's opinions.  Here, the Court is without a sufficient factual predicate to evaluate which materials

claimed by Mr. Knearl to be work product are required to be produced as a result of the legal privilege waiver.  The Court is not inclined to rule on this sensitive matter in a vacuum.  Instead, the Court believes it can perform its evaluation best by conducting an *in camera* review of material which Mr. Knearl contends is work-product material.  Accordingly,

**IT IS HEREBY ORDERED** that Echostar and Non-party Homer Knearl's Motion to Quash Subpoenas Served by Tivo Inc. [1] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Non-party Homer Knearl is required to respond to the subpoena by producing documents and testimony regarding the opinions dated May 25 and 27, 2005, rendered by Merchant & Gould (the "M&G Opinions"), and upon which Defendant relies in defense of TiVo's claim of wilful infringement, provided, however, that the disclosure required shall be limited as follows:

    a. Information or documents are required to be disclosed only to the extent that the information and documents existed on or before May 27, 2005, or the date the action in Texas was filed, whichever is later, provided that documents or information

       which meet this description, if claimed by Mr. Knearl to be privileged by the work-product doctrine, are required to be submitted by Mr. Knearl to the Court for *in camera* review. These documents should be submitted on or before February 20, 2006.

    b.    If the M&G Opinions were supplemented, revised, modified, changed, amended or otherwise altered after they were issued, Mr. Knearl shall produce information relating to such revisions, modifications, changes, amendments or alterations, provided any such information or documents claimed to be protected by the work-product privilege shall also be submitted for *in camera* review by February 20, 2006.

**IT IS FURTHER ORDERED** that documents required by this Order to be produced in response to the subpoena which are not subject to *in camera* review shall be produced by Mr. Knearl on or before February 20, 2006.

**IT IS FURTHER ORDERED** that Mr. Knearl's deposition shall be arranged to be conducted on or before February 28, 2006.

-7-

**IT IS FURTHER ORDERED** that the motion is **DENIED** with respect to the grounds that Mr. Knearl was not provided with reasonable notice, with reasonable time for compliance or that the information otherwise has been requested to be produced by other lawyers at Merchant & Gould.

**IT IS FURTHER ORDERED** that if the Court in the Eastern District of Texas determines that the Subpoena response is outside the period allowed for discovery, compliance with this order shall not be required.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion to Extend Time to Reply to Joint Motion for a Protective Order and to Quash Subpoenas [11], Plaintiff's Motion to Extend Time to Reply [26], Plaintiff's Motion to File Documents Under Seal [31], and Plaintiff's Motion for Leave to File a Supplement to its Response in Opposition [33] are **GRANTED**.

**SO ORDERED**, this 13th day of February, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE