IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIVO INC.,<br><br>       Plaintiff,<br><br> v.<br><br>ECHOSTAR COMMUNICATIONS CORP., et al.,<br><br>       Defendants. | 1:05-cv-2799-WSD |

## ORDER

This is a proceeding in which Defendants and non-party Homer Knearl (collectively, "Movants") seek to quash a subpoena issued to Mr. Knearl by Plaintiff TiVo, Inc. ("TiVo"). It is before the Court on Movants' Joint Motion for a Stay of the Court's Order of February 28, 2006 [43] and their Motion to Waive the Time Requirements of Rule 7.1 [44].

The subpoena at issue in this proceeding seeks information from the files of Mr. Knearl, an attorney for Defendants, who provided a legal opinion that they have not infringed a patent issued to TiVo relating to certain television programming storage technology. The district court in the Eastern District of Texas, before

whom the underlying patent litigation is pending, has held that the attorney-client privilege and work-product protection with respect to this legal opinion were waived by Defendants.  In October 2005, Defendants filed a notice of appeal and petition for writ of mandamus in the Court of Appeals for the Federal Circuit, requesting that the Court of Appeals reverse the Texas district court's ruling regarding Defendants' waiver of the attorney-client privilege and work-product protection.

On February 10, 2006, the Court held a hearing on Movants' motion to quash the subpoena served by TiVo.  The issue of Defendants' notice of appeal and petition for writ of mandamus to the Federal Circuit was expressly addressed at the hearing.  Counsel for TiVo proposed staying consideration of the motion to quash until the Federal Circuit determined whether it would review the Texas district court's decision regarding waiver.  (Transcript of February 10, 2006 Hearing ("Tr.") [41] at 5-7.)  He also advised the Court that this was the approach taken by a Colorado district court faced with a motion to quash substantially identical subpoenas served in that court.  (Id. at 5-6.)  This proposed course of action seemed reasonable to the Court, but was adamantly opposed by counsel for Movants:

| | |
|---|---|
| Counsel for TiVo: | . . . I just wanted to make sure that [the Court is] aware of the writ petitions that are pending in the Federal Circuit . . . and of the Colorado court's ruling so the Court is fully up-to-date on where things stand. |
| The Court: | Well, are the parties asking me to withhold my ruling because this issue now is pending before the Federal Circuit? |
| Counsel for TiVo: | That is TiVo's request, Your Honor. |
| Counsel for Movants: | But it is not [Defendants'] or Homer Knearl's request.  I can tell you -- I think it would be helpful if you would outline the rulings that you -- |
| The Court: | I'm not going to do that.  I want you to make a call, because I'm not going to outline my ruling and then have you reconsider that. . . . I would frankly urge you to consider staying, asking me to withhold this ruling . . . pending what you get from the Federal Circuit because . . . if everybody believes that is who ought to decide this, then we ought to let them decide it.  But nobody has asked me to do that, and I'm prepared . . to rule on your motion to quash if you want me to do that.  But if you think it's more appropriate to wait until the Federal Circuit rules, I would think that that would be a reasonable position to take. |
| Counsel for Movants: | I think it would be appropriate for Your Honor to rule on the motion now, even though the matter is pending before the Federal Circuit.  Because we have a trial date set for March, and we don't know when we are going to hear from the federal circuit. |

3

        The Court:                All right.  Then I will rule.

(Id. at 6-7.)

        On February 13, 2006, the Court entered an order granting in part and denying in part Movants' motion to quash [39].  The February 13, 2006 Order required Mr. Knearl to submit materials responsive to the subpoena to this Court for an *in camera* review.  (February 13, 2006 Order at 6-7.)  Mr. Knearl submitted responsive materials on February 16, 2006.  On February 28, 2006, having completed its *in camera* review, the Court issued an order advising the parties regarding the scope of the required production and setting in place certain procedures to protect the materials from further disclosure until the Texas district court determines if any of the materials produced are admissible in the underlying patent litigation [46].

        On March 2, 2006, Movants filed their Joint Motion for a Stay of the Court's Order of February 28, 2006 ("Motion to Stay"), and their Motion to Waive the Time Requirements of Rule 7.1.  Apparently not satisfied with the result reached by the Court in its February 28, 2006 Order, Movants now request the Court to stay the order pending a ruling from the Federal Circuit regarding the Texas district court's decision concerning waiver.  (Movants' Mem. of Law in Supp. of Mot. to

4

Stay at 2-4.)  Because the deadline for Mr. Knearl's compliance with the February 28, 2006 Order predates TiVo's deadline for responding to the Motion to Stay under the Court's Local Rules, Movants also request the Court to expedite the processing of its motion -- i.e., grant the stay without providing TiVo an opportunity to respond.  (Movants' Mot. to Waive Time Requirements at 1-2.)

Movants' arguments in favor of staying the February 28, 2006 Order are not persuasive.  Movants were acutely aware that if the Court ruled on their motion to quash prior to receiving a decision from the Federal Circuit, Mr. Knearl might be forced to disclose documents that Movants contend are protected by the attorney-client privilege and work-product doctrine.  In light of this uncertainty, the Court expressly admonished Movants to consider staying consideration of the motion to quash until after the Federal Circuit provided guidance on this issue.  (Tr. at 7.) Movants declined the Court's (and TiVo's) suggestion, citing the impending trial of the underlying patent litigation in Texas and the parties' uncertainty regarding when the Federal Circuit will rule.  (Id. at 7-8; Mot. to Stay at 3 ("[Movants] acknowledge that they asked this Court to issue its ruling on the motion to quash, rather than withholding its decision until after the Federal Circuit had ruled.")).

The Court has been advised by the Texas district court that the trial of the

5

underlying litigation is still set for March 27, 2006, and that the parties are at this time proceeding with pre-trial matters.  Movants have not cited the Court to any evidence that a ruling from the Federal Circuit is imminent or that the timetable for such a ruling is less uncertain now than it was before the Court issued its February 28, 2006 decision.  Because the posture of the underlying patent litigation and Federal Circuit proceedings have not changed, and because the Court does not discern that a ruling on the motion to quash was necessary to frame the issue of waiver for the Federal Circuit, the Court surmises that Movants' change of heart is due to their dissatisfaction with the conclusions reached by the Court.  This dissatisfaction does not constitute grounds for staying enforcement of the February 28, 2006 Order.[1]  Accordingly,

---

[1] In support of their Motion to Stay, Movants argue that disclosure of the allegedly attorney-client privileged and word-product protected documents is irreversible, i.e., the disclosure of these documents and their contents cannot be undone if the Federal Circuit subsequently reverses the Texas district court's ruling regarding waiver.  The Court is cognizant of this fact, but is confident that the strict disclosure limitations it put into place and its deferral to the Texas district court as the final arbiter of whether any of the documents required to be produced will be disclosed beyond Mr. Goldberg minimizes both the amount of allegedly privileged information disclosed and the number of persons to whom it is disclosed.  In fact, it is conceivable that none of the materials required to be produced to Mr. Goldberg for review will be disclosed beyond him.

**IT IS HEREBY ORDERED** that the Movants' Motion to Stay [43] is **DENIED**. Their Motion to Waive the Time Requirements of Rule 7.1 [44] is **GRANTED** in that the Court has considered their request on an expedited basis.

**IT IS FURTHER ORDERED** that because the Court has resolved the motion to quash at issue in this proceeding, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 3rd day of March, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE