IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIVO INC.,

　　　　　　　　　　　　　**Plaintiff,**

　　v.

**ECHOSTAR
COMMUNICATIONS CORP., et
al.,**

　　　　　　　　　　　　　**Defendants.**

1:05-cv-2799-WSD

## ORDER

This matter is before the Court on TiVo's Motion to Enforce This Court's
June 8, 2006 Order [55].[1]

The parties continue to dispute the compliance of non-party witness Homer
Knearl ("Knearl") and Defendants  EchoStar Communications Corp, EchoStar
DBS Corp., EchoStar Technologies Corp., and EchoSphere Limited Liability Co.
(collectively "EchoStar ") with the Court's June 8, 2006 order requiring the

---

[1]  Also before the Court is Homer Knearl's and EchoStar's Motion for
Leave to File Surreply in Opposition to TiVo's Motion [58].  The Local Rules of
the Court set a structure for the briefing of issues before the Court.  Local Rule 6.1.
The rules do not anticipate surreply briefs and none is necessary here.
Accordingly, Homer Knearl's and EchoStar's Motion for Leave to File Surreply in
Opposition to TiVo's Motion [58] is **DENIED**.

production of documents pursuant to a subpoena served by TiVo.  The Court has studied the submissions in an effort to determine if Knearl, personally or through Echostar, have satisfied the June 8, 2006 order.  The Court has spent particular time studying the responsive brief filed by Echostar and Knearl.

Knearl and EchoStar represent that they have complied fully with the June 8, 2006 order, but do so with vague, equivocal, and qualified explanations.  The responsive brief to TiVo's motion suggests a legal shell game, which Knearl and EchoStar may be playing without a pea.  The Court requires a clear, unequivocal statement of what has been produced and that the production complies with the requirements of the order entered on June 8, 2006.  Thus, the Court has drafted affidavits attached as Attachments A and B to this order.  These affidavits contain clear, unqualified statements based on those made in qualified and equivocal form by Knearl and EchoStar in their responsive brief.  Mr. Knearl and Ms. Tucher are directed to prepare, for their respective signatures, affidavits in the form and containing the representations set forth in Attachments A and B.  The affidavits shall be executed under oath and returned to the Court on or before February 15, 2007.

The Court further elects to review the documents which have been withheld from production to TiVo on the basis of a legal privilege.  These are required to be produced to the Court on or before February 15, 2007 for *in camera* review.

The Court may, based on the return of the affidavits, conclude that there has been compliance with the Court's June 8, 2006 order, subject to the Court's ruling regarding withholding of documents based on privilege, which will be guided by the Federal Circuit opinions in In re EchoStar Comms. Corp., 448 F.3d 1294 (Fed. Cir. 2006) and In re Knearl, 184 Fed. Appx. 955, (Fed. Cir. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Homer Knearl shall execute, under oath, the affidavit attached as Attachment A and Alison M. Tucher shall execute, under oath, the affidavit attached as Attachment B, and both shall return their executed affidavits to the Court on or before February 15, 2007.  If Mr. Knearl or Ms. Tucher cannot in good faith make the representations required by the affidavits, they shall file by February 15, 2007, an affidavit identifying specifically the statements to which they cannot attest and the specific reasons why they cannot attest to them.

**IT IS FURTHER ORDERED** that Mr. Knearl and EchoStar shall, on or before February 15, 2007, deliver to the Court for *in camera* review, those documents withheld from production to TiVo on the grounds of a legal privilege.

**SO ORDERED** this 26th day of January, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **TIVO INC.,** | |
| **Plaintiff,** | |
| **v.** | **1:05-cv-2799-WSD** |
| **ECHOSTAR COMMUNICATIONS CORP., et al.,** | |
| **Defendants.** | |

**<u>AFFIDAVIT OF HOMER KNEARL</u>**

**HOMER KNEARL**, under penalty of perjury, affirms and says:

1.      I am over eighteen (18) years of age, and am competent to give this affidavit, which is based upon my personal knowledge.

2.      Either I or EchoStar has produced to TiVo or the U.S. District Court for the Northern District of Georgia all of the documents required to be produced by this Court's June 8, 2006 order (the "Required Documents") which were in my possession, custody or control on June 8, 2006, or which were in the possession, custody or control of Merchant & Gould before or after June 8, 2006.

3.      The Required Documents were produced as follows:

      a.      The documents listed on Exhibit 1 to this affidavit and identified

by type, author, date, recipient, subject and Bates number were

produced to TiVo by me personally.  The documents listed in

Exhibit 1 do not include those documents produced to the

United States District Court for the Northern District of Georgia

(the "Court") which the Court did not require to be produced to

TiVo.

      b.      The documents listed on Exhibit 2 to this affidavit and identified

by type, author, date, recipient, subject and Bates number were

in the possession, custody and control of Merchant & Gould,

and would have been produced by me if I had not retired from

Merchant & Gould before the June 8, 2006 order was issued.  I

believe these documents to have been  produced to TiVo by

EchoStar.

      c.      The privilege log, attached as Exhibit 3, represents documents

responsive to the June 8, 2006 order, but which were withheld

from production to TiVo on the basis of an applicable legal

privilege.

4.      The documents identified in Exhibit 1, 2, and 3 comprise all of the

documents that are responsive to the June 8, 2006 order of which I ever had

possession, custody or control.

5.      To the extent of my knowledge, all documents in the possession,

custody or control of EchoStar, Merchant & Gould, counsel for EchoStar, or me,

which are responsive to the June 8, 2006 order, have been produced to TiVo or the

Court, or are listed on the privilege log attached as Exhibit 3 to this affidavit.

6.      If any Required Documents were not produced, they are listed on

Exhibit 4 to this affidavit and identified by type, date, author, recipient, subject and

Bates number.

Executed this _____ day of _____, 2007, before a

person duly authorized to administer oaths.

FURTHER AFFIANT SAYETH NOT.


_____                    HOMER KNEARL


Sworn to and subscribed before me

this \_\_\_\_\_ day of _____, 2007.


_____
NOTARY PUBLIC

My Commission Expires: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **TIVO INC.,** | |
| **Plaintiff,** | |
| **v.** | **1:05-cv-2799-WSD** |
| **ECHOSTAR COMMUNICATIONS CORP., et al.,** | |
| **Defendants.** | |

**<u>AFFIDAVIT OF ALISON M. TUCHER</u>**

**ALISON M. TUCHER**, under penalty of perjury, affirms and says:

1.      I am over eighteen (18) years of age, and am competent to give this affidavit, which is based upon my personal knowledge.

2.      I am a member of the bar of the State of California, and I am admitted pro hac vice in this case.  I am a partner with the law firm of Morrison & Foerster LLP.  I have personal knowledge of the facts set forth in this affidavit.

3.      Homer Knearl has produced to TiVo or the U.S. District Court for the Northern District of Georgia all of the documents required to be produced by this Court's June 8, 2006 order (the "Required Documents") which were in his

possession, custody or control on June 8, 2006, or which were in the possession

of Merchant & Gould before or after June 8, 2006.

     4.    The Required Documents produced were as follows:

        a.    The documents listed on Exhibit 1 to this affidavit and identified

by type, author, date, recipient, subject and Bates number were

produced to TiVo by Homer Knearl personally.  The

documents listed in Exhibit 1 do not include those documents

reviewed *in camera* by the United States District Court for the

Northern District of Georgia (the "Court") which the Court did

not require to be produced to TiVo.

        b.    The documents listed on Exhibit 2 to this affidavit and identified

by type, author, date, recipient, subject and Bates number were

in the possession, custody and control of Merchant & Gould,

and would have been produced by Homer Knearl if he had not

retired from Merchant & Gould before the  June 8, 2006 order

was issued.  These documents were produced to TiVo by

EchoStar.

      c.     The privilege log, attached as Exhibit 3, represents documents responsive to the June 8, 2006 order, but which were withheld from production to TiVo on the basis of an applicable legal privilege.

5.     The documents identified in Exhibit 1, 2, and 3 are all of the documents that are responsive to the June 8, 2006 order of which Homer Knearl ever had possession, custody or control.

6.     To the extent of my knowledge, all documents in the possession, custody or control of EchoStar, Merchant & Gould, counsel for EchoStar, or Homer Knearl which are responsive to the June 8, 2006 order, have been produced to TiVo or the Court, or are listed on the privilege log attached as Exhibit 3 to this affidavit.

7.     If any Required Documents were not produced, they are listed on Exhibit 4 to this affidavit and identified by type, date, author, recipient, subject and Bates number.

Executed this _____ day of _____, 2007, before a person duly authorized to administer oaths.

FURTHER AFFIANT SAYETH NOT.


_____                    ALISON M. TUCHER


Sworn to and subscribed before me

this _____ day of _____, 2007.


_____

NOTARY PUBLIC

My Commission Expires: _____